*Richardson v. Blake*, No. 890-9-15 Cncv (Mello, J., Oct. 31, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| ANDREW and TIFFANY RICHARDSON,<br>  Plaintiffs<br><br> v.<br><br>SHANNON BLAKE,<br>  Defendant | Docket No. 890-9-15 Cncv |

RULING ON PLAINTIFFS' MOTION FOR RECONSIDERATION OR FOR
INTERLOCUTORY APPEAL

This case involves a boundary dispute between parties who live next-door to each other on Maple Leaf Lane in Shelburne, Vermont. Plaintiffs Andrew and Tiffany Richardson obtained a letter from an elderly lady named Gilberta Bent, who for several years had owned and resided at the property now owned by Defendant Shannon Blake. Ms. Bent's letter contained statements that supported the Plaintiffs' contention as to the location of the disputed boundary line. However, Ms. Bent retracted those statements after receiving a threatening letter from Blake's attorney. Plaintiffs thereupon filed with the court a motion in limine seeking sanctions against the Defendant for tampering with a key witness for the Plaintiffs.

On September 7, 2017, the court issued a ruling on Plaintiffs' motion in limine. The court determined that counsel for the Defendant had sent a threatening letter to an important witness, knowing that she was elderly and knowing that such a letter could intimidate the witness. The court found that the witness was in fact intimidated by the letter and that the intimidation influenced the deposition testimony that she gave several weeks later, retracting statements she had made earlier in her letter for the Plaintiffs. The court concluded that "[s]ending such a letter constitutes witness tampering and obstruction of justice within the meaning of 13 V.S.A. § 3015. The court also concluded that the Plaintiffs had been prejudiced by the Defendant's conduct and that a sanction was warranted, but not the sanction that had been requested by the Plaintiffs.

The court determined that the appropriate remedy was to order that the Plaintiffs may introduce Ms. Bent's supportive letter into evidence at the trial of this matter and that the jury may treat the letter as substantive evidence in determining the location of the boundary. The court also ruled that the Defendant will not be entitled to a limiting instruction to the effect that thee letter may be considered only for impeachment purposes but will be free to present to the jury any contrary admissible evidence that he may have as to the location of the boundary line.

Plaintiffs now move to reconsider the court's ruling or for permission to take an interlocutory appeal. Plaintiffs argue that the court's remedy is insufficient to redress the harm done to the Plaintiffs' case, and they ask the court to default the Defendant, or prohibit him from proffering contradictory evidence, or order that the contents of Ms. Bent's supportive letter be taken as established for purposes of this action. Defendant opposes the motion. Plaintiffs are represented by Mark G. Hall, Esquire. Defendant is represented by David H. Casier, Esquire.

The court declines to reconsider its decision. Before issuing its ruling, the court gave the matter close and serious consideration. Plaintiffs have not presented any issues, facts or authorities that the court has not already considered or that would warrant changing its ruling.

There are three requirements for interlocutory review: (1) the order or ruling must "involve[] a controlling question of law"; (2) there must be "substantial ground for difference of opinion" regarding that question; and (3) "an immediate appeal may materially advance the termination of the litigation." V.R.A.P. 5(b)(1); *see also* 12 V.S.A. § 2386; In re Pyramid Co. of Burlington, 141 Vt. 294, 301 (1982). Interlocutory appeals are considered an "exception to the normal restriction of appellate jurisdiction to the review of final judgment" because "[p]iecemeal appellate review causes unnecessary delay and expense, and wastes scarce judicial resources." Pyramid, 141 Vt. at 300. However, there is a "narrow class of cases" for which interlocutory review is advisable, as articulated by the requirements outlined in Appellate Rule 5(b). Id. at 301. Because that rule is based upon 28 U.S.C. § 1292(b) and F.R.A.P. 5, the "policies and rationales underlying the federal statute provide guidance for our construction of V.R.A.P. 5(b)." Pyramid, 141 Vt. at 301. The definitions of the criteria enumerated in Rule 5(b) are "not self-evident"; rather, they are deliberately vague so as to "'inject an element of flexibility . . . . The three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal.'" Id. at 301–02 (quoting 16 Wright & Miller, Federal Practice and Procedure § 3930, at 156 (1977)).

Plaintiffs' proposed question for interlocutory review appears to be whether the sanction that this court imposed is deficient as a matter of law. The determination of an appropriate sanction for an act of witness tampering is a matter upon which judges may very well differ, and an appeal of this issue could materially advance the termination of this litigation if the Supreme Court were to agree that Defendant should be defaulted or prohibited from proffering contradictory evidence. However, this is not a controlling question of law.

Pure questions of law are generally appropriate for interlocutory review, while questions that involve the exercise of discretion are not. As Wright and Miller have written:

> Greater difficulty is presented by the question whether interlocutory review should be available for matters that lie within the discretion of the district court. Ordinarily a district court should refuse to certify such matters, not only because of the low probability of reversal, but also because the recognition of discretion results from a studied determination that appellate courts generally should not interfere. Appellate courts frequently note the inappropriateness of interlocutory review of most discretionary orders.

Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed. Apr. 2017 update). Of course, even with discretionary matters, "[r]eversal is possible," and courts have suggested that whether a discretionary question is reviewable depends on "'whether it truly implicates the policies favoring interlocutory appeal.'" Id. (quoting Katz v. Carte Blanche Corp., 496 F.2d 747, 756 (3d Cir. 1974)). These policies include "the avoidance of harm to a party pendente lite from a possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expense." Katz, 496 F.2d at 756. Wright and Miller have further observed that "appeal might prove appropriate if an order granting a Civil Rule 60(b) motion to vacate judgment sets the stage for lengthy and burdensome further proceedings." 16 Fed. Prac. & Proc. Juris. § 3931.

This is not truly a question of law that would serve the policies favoring interlocutory appeal. In the context of imposing discovery sanctions, the Vermont Supreme Court has observed that the "[i]mposition of sanctions … 'is necessarily a matter of judicial discretion' that is 'not subject to appellate review unless it is clearly shown that such discretion has been abused or withheld.'" Synecology Partners, L3C v. Business Runtime, Inc., 2016 VT 29, ¶ 18, 201 Vt. 424 (citation omitted). In this case specifically, the court's task was to fashion a remedy that would undo the harm caused to the Plaintiffs by the Defendant's conduct, without unduly prejudicing the Defendant's right to a fair trial. This goal is consistent with the requirement that a court exercise its discretion to impose sanctions "with cautious restraint." Town of Milton Bd. Of Health v. Brisson, 2016 VT 56, ¶ 31, 202 Vt. 121. In reaching its decision, the court noted that adopting the Plaintiffs' proposed sanction would be tantamount to directing a verdict in Plaintiff's favor on the central issue in the case. The court concluded that there was another, sufficient and less draconian remedy available.

The court noted that, if counsel for the Defendant had not sent his threatening letter to Ms. Bent, the Plaintiffs would have called her to testify at trial, and she probably would have given testimony consistent with the letter that she had signed in 2013. Moreover, that trial testimony would have been admissible as substantive evidence in support of the Plaintiffs' contention as to the location of the parties' common boundary line. Because of Defense counsel's letter, however, the Plaintiffs were now limited to using the 2013 letter for impeachment purposes only. What the Plaintiffs had lost, in other words, due to Defense counsel's actions, was the ability to present the contents of Ms. Bent's letter to the jury as substantive evidence in support of their claim. The court therefore tailored a sanction designed to remedy that loss.

This question is not appropriate for interlocutory appeal. It does not appear to implicate the policies that typically favor such an appeal. The challenged ruling does not necessarily "set[] the stage for lengthy and burdensome further proceedings." 16 Fed. Prac. & Proc. Juris. § 3931. As the case is not particularly complex, the trial should be of fairly short duration. Moreover, the possibility of reversal is low. Our own Supreme Court has explained that:

> [A] standard consistent with the policy underlying this criterion [for deciding whether to permit interlocutory appeals] would require a trial court to believe that a reasonable appellate judge could vote for reversal of the challenged order. Unless an

3

order triggers this degree of doubt in the mind of a trial judge, certification of the order is improper.

<u>Pyramid</u>, 141 Vt. at 306–07 (citations omitted). This court's decision on Plaintiffs' motion in limine does not trigger a sufficient degree of doubt. Considering the discretionary nature of sanctions motions in general, and the factually-dependent conclusion in this case in particular, it is difficult to imagine a reversal of the challenged ruling.

<u>Order</u>

Plaintiffs' motion for reconsideration is DENIED.

Plaintiffs' motion for interlocutory appeal is DENIED.

SO ORDERED this 31st day of October, 2017.

_____
Robert A. Mello, Superior Judge